UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHYLER ELIASSAINT,
      Plaintiff,

     v.                                    CIVIL ACTION NO.  13-11696-WGY

JAMES WOLFGANG, ET AL.,
      Defendants.

MEMORANDUM AND ORDER

YOUNG, D.J.

BACKGROUND

On July 15, 2013, plaintiff Chyler Eliassaint filed a self-prepared employment

discrimination Complaint entitled "Plaintiff-Petitioner's Complaint for Declaratory and

Injunctive Relief and/or Writ in the Nature of Mandamus."  Compl. (Docket No. 1).

On June 17, 2013, this Court issued a Memorandum and Order (Docket No. 4) directing

plaintiff to demonstrate good cause why this action should not be dismissed for the reasons

stated therein.  Plaintiff also was directed to file an Amended Complaint by September 3, 2013.

On August 12, 2013, plaintiff filed a Motion for Leave to Amend Complaint (Docket No.

6) with an incorporated statement of the case (presumed to be his Amended Complaint).  In that

document, he contends that this action is a proposed class action for the "proposed class" against

First Student Inc., James Wolfgang, Bob Timilty, and Richard Mclaughlin.  Plaintiff alleges that

Richard McLaughlin abused his power by making it hard for him to work in the workplace, by

creating a hostile work environment through his constant racial and ethnic slurs.  Plaintiff also

complains that Richard McLaughlin did not allow drivers to take bathroom breaks, but instead

directed them to use Pampers.  Further, he claims that he was suspended two times without being

given the opportunity to assert his union rights.

Next, plaintiff claims to have been involved in a minor accident; an investigation

determined that the accident was preventable had plaintiff been driving defensively and had he been aware of his surroundings.  Plaintiff was given a warning and required to attend a re-training on driving.  He disagrees with the determination regarding the accident.

Finally, plaintiff claims that the Director of Human Services is responsible for harassment and discrimination, and that the RVP is responsible for allowing Richard McLaughlin to continue to harass and discriminate against him.

On August 26, 2013, this Court granted, by Electronic Order (Docket No. 7), plaintiff's Motion for Leave to File an Amended Complaint.

<u>DISCUSSION</u>

Because plaintiff is proceeding *in forma pauperis*, this Court has screened the Amended Complaint.  Although plaintiff's proposed amendments to the Complaint purport to comply with the pleading requirements of Rule 8, the allegations contained therein do not set forth plausible claims upon which relief may be granted.  Rather, plaintiff simply iterates the allegations contained in the original Complaint, with some factual expansions.  Further, while he alleges that Richard McLaughlin used racial slurs against him as a motive for creating a hostile work environment, he fails to provide a link between actions of other individuals and his claims of discrimination.  He baldly asserts discrimination based on race, national origin, and color.

Apart from the Rule 8 deficiencies, plaintiff's motion fails to address the legal impediments to his claims, as set forth in the prior Memorandum and Order, namely, the bar to his claims against the individual defendants because individuals are not liable under Title VII.  Notwithstanding this problem, however, plaintiff now appears to assert a claim against his employer, First Student, Inc., and has included his "right-to-sue" letter with the EEOC with respect to First Student, Inc.

In light of the above, this Court will consider this action to be raised under Title VII and

2

will permit this action to proceed <u>only</u> with respect to plaintiff's employer, First Student Inc.

The claims against the individual defendants James Wolfgang, Bob Timilty, and Richard

McLaughlin are <u>DISMISSED</u> *sua sponte* for failure to state plausible claims upon which relief

may be granted, and for failure to comply with this Court's Memorandum and Order to

demonstrate good cause why these claims should not be dismissed.  To the extent that plaintiff

asserts any state law claims against these individuals (and this is not clear) this Court

<u>DECLINES</u> to exercise supplemental jurisdiction.  The Clerk shall modify the docket

accordingly.

To be clear, the only remaining claim in this action is the Title VII claim against First

Student, Inc.  The clerk shall issue a summons as to First Student, Inc., and, because plaintiff is

proceeding *in forma pauperis*, an Order shall enter directing the United States Marshal to effect

service and advance the costs, as set forth below.[1]

<u>CONCLUSION</u>

Based on the foregoing it is hereby Ordered that:

1.   This Court construes this case as presenting only a Title VII claim for discrimination, and will permit this action to proceed only with respect to First Student, Inc.;

2.   All claims against James Wolfgang, Bob Timilty, and Richard McLaughlin are <u>DISMISSED</u>; the clerk shall correct the docket accordingly to add First Student, Inc. as a defendant and to terminate the other defendants;[2]

3.   To the extent there are any state law claims asserted, this Court <u>DECLINES</u> to exercise supplemental jurisdiction;

4.   The Clerk shall issue a summons only as to First Student Inc.;

5.   The Clerk shall send the summons, a copy of the Amended Complaint, and this

---

[1]After service, the defendant may file a motion pursuant to Rule 12(e) or some other appropriate motion if necessary.

[2]This Memorandum and Order is not intended to be a separate and final judgment.

Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m).  The plaintiff may elect to have service made by the United States Marshal Service.  If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, Complaint, and this Memorandum and Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service; and

6.      Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of the issuance of summonses to complete service.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATE:  September 11, 2013